Richard M. Cieri
M. Natasha Labovitz
Craig A. Bruens
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

David J. Zott, P.C.
Alyssa A. Qualls
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHEMTURA CORPORATION, *et al.*,[1] | ) | Case No. 09-11233 (REG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

| | )|
|---|---|
| CHEMTURA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adversary No. _____ |
| -against- | ) |
| | ) |
| Karen Smith, *et al.*, and John Does 1-1000, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CHEMTURA CORPORATION'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION STAYING THE DIACETYL LITIGATION AND FUTURE DIACETYL ACTIONS AGAINST CHEMTURA CANADA CORPORATION AND CITRUS & ALLIED ESSENCES, LTD.**

Chemtura Corporation ("**Chemtura**"), a debtor and debtor-in-possession in the above-captioned chapter 11 cases, files this motion (the "**Motion**") seeking entry of an order, in substantially the form attached hereto as **Exhibit A**, for an extension of the automatic stay in the Diacetyl Litigation and Future Diacetyl Actions (as the terms are defined below) pursuant to section 362 of Title 11 of the United States Code (the "**Bankruptcy Code**"), or, in the alternative, an injunction staying the Diacetyl Litigation and Future Diacetyl Actions pursuant to section 105 of the Bankruptcy Code. In support of this Motion, Chemtura states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105 and 362 of the Bankruptcy Code and Rules 7001(7), 7001(9) and 7065 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

## BACKGROUND

4. Chemtura and its affiliates comprise a globally diversified manufacturer and marketer of specialty chemicals products, most of which are sold to industrial manufacturing customers for use as additives, ingredients or intermediates that add value to their end products.

5. Citrus & Allied Essences, Ltd. ("**Citrus**") is a flavoring distributor and manufacturer, as well as a supplier of specialty flavor ingredients. Citrus is an expert in the design and manufacture of flavoring ingredients.

6. At the request of Citrus, Chemtura Canada (a wholly owned indirect subsidiary of Chemtura) manufactured diacetyl, a butter flavoring ingredient widely used in the food industry between 1982 and 2005. During this time period, Citrus was the exclusive reseller of diacetyl manufactured by Chemtura Canada for the United States.

7. Between 1998 and 2005, Chemtura had invoicing responsibility and was the seller of record for diacetyl manufactured by Chemtura Canada.

8. Chemtura or Chemtura Canada have been named as defendants in twenty-one diacetyl related lawsuits, fourteen of which remain pending. The lawsuits allege that exposure to diacetyl manufactured by Chemtura Canada and distributed by Citrus caused respiratory illness in numerous food industry factory workers (the "**Diacetyl Litigation**"). Additional lawsuits are expected to be filed in the near future (the "**Future Diacetyl Actions**").

9. Since the filing of these chapter 11 cases, plaintiffs in the Diacetyl Litigation (together with future John Doe litigants and Ungerer & Co.[2] the "**Diacetyl Claimants**") have

---

[2] Ungerer & Co. is a defendant in the *Robinson* action and has brought a third-party complaint for indemnification against Citrus and Chemtura Corporation. This Motion also seeks to stay Ungerer & Co.'s claims against Citrus, which involve the same legal issues and factual allegations as Citrus's claims for indemnification against Chemtura Corporation in other suits.
(Continued…)

ceased the prosecution of their claims directly against Chemtura. However, the Diacetyl Claimants continue to litigate against Chemtura Canada and Citrus, and are seeking to conduct "third-party" discovery against Chemtura relating to their claims against Chemtura Canada and Citrus.

10. The third-party discovery and the continued litigation against Chemtura Canada and Citrus is adversely impacting the Debtors' estates and threatens the Debtors with imminent, irreparable harm. Discovery requests are now pending against Chemtura, and trial in one matter is set to take place this summer. Without the requested temporary restraining order, key Chemtura employees, and in particular General Counsel Billie Flaherty, will be forced to immediately turn their efforts from reorganization to the Diacetyl Litigation, both in order to respond to the pending third-party discovery requests and to protect itself from the risk of depleted insurance policies, indemnification obligations, collateral estoppel, evidentiary prejudice, and stare decisis at trial this summer.

11. Chemtura seeks a temporary restraining order and preliminary injunction to prevent this imminent, irreparable harm.

**RELIEF REQUESTED**

12. By this Motion, the Chemtura seeks this Court's declaration that, pursuant to section 362(a) of the Bankruptcy Code, the automatic stay is extended to stay the continued prosecution of the Diacetyl Litigation and the impending prosecution of the Future Diacetyl Actions against Chemtura Canada and Citrus. In the alternative, Chemtura seeks a temporary restraining order and a preliminary injunction pursuant to section 105 of the Bankruptcy Code to

stay the continued prosecution of the Diacetyl Litigation and the Future Diacetyl Actions against Chemtura Canada and Citrus during the pendency of the Debtors' chapter 11 cases. Out of an abundance of caution, Chemtura also seeks a declaration that its efforts to remove and transfer the Diacetyl Litigation (as described in the Memorandum of Law in Support of this Motion filed contemporaneously herewith), including the claims against Chemtura Canada and Citrus, are not subject to the automatic stay.[3]

**Basis for Relief**

13. As more fully set forth in the accompanying memorandum of law and Chemtura's verified complaint, extension of the automatic stay or injunctive relief to prevent further continuation or commencement of the Diacetyl Litigation is necessary to prevent the following irreparable harm to the Debtors:

   a. The defense of the Diacetyl Litigation will divert employees who are key to the Debtors' reorganization efforts. The same managers who are overseeing reorganization of the Debtors' estates have responsibility for the Chemtura's defense in the Diacetyl Litigation. If the litigation is allowed to proceed, Chemtura will be forced to expend significant time and resources formulating and implementing Chemtura's overall defense, as well as responding to discovery and deposition demands, thereby depriving Chemtura Canada of the benefits of the automatic stay.

   b. Chemtura shares insurance with Chemtura Canada. This insurance is an asset of the estate. Any recoveries against Chemtura Canada, through judgment or settlement, will deplete this estate property.

   c. Citrus has brought indemnification or contribution claims against Chemtura and Chemtura Canada in several of the pending Diacytel Litigation lawsuits. Although Chemtura contests Citrus's right to indemnification, the risk of indemnification will require Chemtura to participate in the litigation to fully protects its interests, thereby distracting it from the reorganization.

---

[3] Chemtura believes that removal and transfer under 28 U.S.C. § 157(b)(2)(5) is a ministerial act not subject to the stay. Chemtura requests this declaration only out of an abundance of caution, and not because such a declaration is required prior to removal and transfer efforts.

        d.        The Diacetyl Claimants' claims against Chemtura, Chemtura Canada, and Citrus turn on identical legal theories, factual allegations, and defenses. Thus, a finding of liability against Chemtura Canada or Citrus will expose Chemtura to a substantial risk of collateral estoppel, evidentiary prejudice, and/or stare decisis.

14. The likelihood of irreparable harm to the Debtors and to their estates in the absence of injunctive relief far outweighs any harm to the Diacetyl Claimants in the Diacetyl Litigation. The Diacetyl Claimants will not be harmed if the continuation of the litigation is temporarily enjoined until the effective date of the Debtors' plan of reorganization.

15. Further, the public interest will be best served if this Court issues an injunction to stay prosecution of the Diacetyl Litigation and the Future Diacetyl Actions because it will promote Chemtura's ability to successfully reorganize.

## Memorandum of Law

16. Contemporaneously herewith, the Debtors are filing a Memorandum of Law in Support of this Motion which includes citations to the applicable authorities and a discussion of their application to this Motion.

## Notice

17. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the statutory committee of unsecured creditors; (c) counsel to the agent for the Debtors' prepetition secured credit facility; (d) the indenture trustee for each of the Debtors' outstanding bond issuances; (e) the Internal Revenue Service; (f) the Environmental Protection Agency; (g) the Securities and Exchange Commission; (h) counsel to the Defendants; and (i) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

18. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, for each of the foregoing reasons and for the reasons stated in the Debtors' Memorandum of Law in Support of Its Motion for a Temporary Restraining Order and Preliminary Injunction Staying the Commencement and Continuation of the Diacetyl Litigation and Future Diacetyl Actions Against Chemtura Canada Corporation and Citrus & Allied Essences, Ltd., the Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit A**:

1. declaring that section 362(a)'s automatic stay extends to the commencement or continuation of Diacetyl Litigation against Chemtura Canada and Citrus until the effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court;

2. enjoining the commencement or continuation of Diacetyl Litigation against Chemtura Canada and Citrus pursuant to section 105(a) until the effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court;

3. declaring that Chemtura's efforts to remove and transfer the Diacetyl Litigation, including claims against Chemtura Canada and Citrus, are not subject to the stay;

4. enjoining Diacetyl Claimants and Citrus from seeking discovery from the Debtors or Chemtura Canada, in the Diacetyl Litigation or Future Diacetyl Actions until the effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court; and

5. authorizing such further relief as deemed necessary by the Court.

| | |
|---|---|
| Dated: June 17, 2009 | */s/ David J. Zott, P.C.*_____ |
| | Richard M. Cieri |
| | M. Natasha Labovitz |
| | Craig A. Bruens |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022-4611 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | |
| | David J. Zott, P.C. |
| | Alyssa A. Qualls |
| | KIRKLAND & ELLIS LLP |
| | 300 North LaSalle Street |
| | Chicago, IL 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | |
| | Counsel to the Debtors and Debtors in Possession |

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CHEMTURA CORPORATION, *et al.*,[1] | Case No. 09-11233 (REG) |
| Debtors. | Jointly Administered |
| | |
| CHEMTURA CORPORATION, | |
| Plaintiff, | |
| -against- | Adversary No. _____ |
| Karen Smith, *et al.,* and John Does 1-1000, | |
| Defendants. | |

**PROPOSED ORDER GRANTING CHEMTURA CORPORATION'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Upon the motion (the "**Motion**")[2] of Chemtura Corporation ("**Chemtura**") for a temporary restraining order and preliminary injunction, and based upon the verified complaint of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

[2] All capitalized terms not defined herein shall have the same meaning as in the Motion.

Chemtura in this adversary proceeding, it appearing that: the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Debtors are reasonably likely to successfully reorganize; the commencement or continuation of Diacetyl Litigation or Future Diacetyl Actions against Chemtura Canada Corporation ("**Chemtura Canada**") and Citrus & Allied Essence, Ltd. ("**Citrus**") will irreparably harm the Debtors through the risks of depleted insurance policy, indemnification, collateral estoppel, evidentiary prejudice, and/or stare decisis, as well as by diverting key personnel from focusing on the reorganization; it appearing that the balance of harms weighs in favor of the Debtors and not Defendants, as the Defendants will only suffer a temporary stay in their ability to prosecute claims against Chemtura Canada and Citrus; the public interest weighs in favor of granting the motion as it will promote the Debtors to efforts to reorganize, and consolidate the diacetyl litigation, thereby savings judicial resources; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that

1. section 362(a)'s automatic stay extends to the commencement or continuation of Diacetyl Litigation against Chemtura Canada and Citrus until the effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court;

2. The commencement or continuation of Diacetyl Litigation against Chemtura Canada and Citrus is enjoined pursuant to section 105(a) of the Bankruptcy Code until the effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court;

3. Chemtura's efforts to remove and transfer the Diacetyl Litigation are not subject to the stay, including the Diacetyl Litigation against Chemtura Canada and Citrus;

4. Diacetyl Claimants and Citrus are enjoined from seeking discovery from the Debtors, and Chemtura Canada, in the Diacetyl Litigation or Future Diacetyl Actions until the

effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court; and

5.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
         New York, New York

_____
United States Bankruptcy Judge