Richard M. Cieri
M. Natasha Labovitz
Craig A. Bruens
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

David J. Zott, P.C.
Alyssa A. Qualls
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel to the Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHEMTURA CORPORATION *et al.*,[1] | ) | Case No. 09-11233 (REG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); BioLab Company Store, LLC (0131); BioLab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); BioLab Textile Additives, LLC (4348); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

|  |  |  |
|---|---|---|
| CHEMTURA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. 09-1282 |
| -against- | ) | |
| | ) | |
| Karen Smith, William Smith, Phoebe Williams, | ) | |
| Louis Watson, Doris Stubbs, Don Stephens, | ) | |
| Doris Pate, Gerardo Solis, Norma Batteese, | ) | |
| Lola Couser, Dennis Patton, Debra Robinson, | ) | |
| Robert Riley, Bernard Couser, Dawn Riley, | ) | |
| Charles Campbell, Natoma Campbell, | ) | |
| Emmett D. Cooper, Paul Dunbar, | ) | |
| Josephine Dunbar, Elizabeth Fults, | ) | |
| Nancy Dudley, Jill Roth, Karen Geile, | ) | |
| Georgia Hawthorne, Carolyn Kiefer, Sara Lane, | ) | |
| Reschane Thitakom, Marjorie Turnbough, | ) | |
| Mary Whiteside, Francisco Herrera, | ) | |
| Mark L. Millar, Donna F. Millar, Donald Powell, | ) | |
| Kelly Powell, Irma Rose Ortiz, Victor Mancilla, | ) | |
| Oscar Zettina Pech, Maria Zettina, | ) | |
| Ricardo Corona, Richard Smead, Kathy Smead, | ) | |
| Pamela Wibbenmeyer, Lauren Elder, | ) | |
| Citrus & Allied Essences, Ltd., Ungerer & Co., | ) | |
| Michael Robinson, Linda Robinson, FONA | ) | |
| International, Inc., and John Does 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

Chemtura Corporation ("**Chemtura**"), as plaintiff in the above-captioned adversary proceeding, alleges for its Verified Complaint, upon knowledge of its own acts and upon information and belief as to other matters, as follows:

## <u>NATURE OF THE ACTION</u>

1.     This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(7) and (9) and Fed. R. Bankr. 7065, for a judgment enjoining the Defendants from prosecuting pending diacetyl-related actions (the "**Diacetyl Litigation**"), and commencing new actions or proceedings asserting any diacetyl-related claims (the "**Future Diacetyl Actions**") against non-debtor affiliate Chemtura Canada Corporation[2] ("**Chemtura Canada**"), and third parties Citrus & Allied Essences, Ltd. ("**Citrus**") and Ungerer & Company ("**Ungerer**").

2.     The Court granted Chemtura's request for a temporary restraining order on June 23, 2009.  Chemtura's motion for a preliminary injunction extending the stay for diacetyl-related claims to Chemtura's wholly owned subsidiary, Chemtura Canada, their exclusive reseller, Citrus, and Ungerer is scheduled to be heard on August 19, 2009.  The diacetyl-related claims are potentially among the largest unsecured claims pending against the estate.  Absent an immediate extension of the stay, Chemtura will be immediately forced to respond to pending third-party discovery requests from Citrus and from certain Defendants, as well as participate in the defense of both Citrus and Chemtura Canada at trials beginning this summer to protect itself from the risk of depleted insurance policies, indemnification obligations, collateral estoppel, evidentiary prejudice and/or stare decisis.  Additionally, Chemtura will likely be faced with a growing number of diacetyl-related lift-stay motions in the wake of the two pending lift-stay requests.  Forced to turn its efforts to defending the diacetyl litigation, key Chemtura employees—including Chemtura's General Counsel Billie Flaherty who is integral to both the

---

[2]     Chemtura Canada is not a debtor in the United States and has not filed a petition for reorganization under the applicable laws of Canada.

Diacetyl Litigation and reorganization—will be diverted from the reorganization effort in these critical early months of its bankruptcy.

**JURISDICTION AND VENUE**

3.　　This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

4.　　Venue in this district is proper pursuant to 28 U.S.C. § 1409.

5.　　The statutory predicates for the relief requested herein are sections 105, 362(a)(1) and (a)(3) of the Bankruptcy Code and Fed. R. Bankr. P. 7001(3) and (9), and 7065.

**THE PARTIES**

6.　　Plaintiff Chemtura is a globally diversified manufacturer and marketer of specialty chemicals products, most of which are sold to industrial manufacturing customers for use as additives, ingredients or intermediates that add value to their end products.

7.　　Chemtura, and certain subsidiaries and affiliates (collectively, "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court on March 18, 2009 (the "**Petition Date**"). Chemtura continues to operate its business and manage its properties as debtor-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

8.　　Defendant Citrus is a corporation organized under the laws of New York. Citrus is a flavoring distributor and manufacturer, as well as a supplier of specialty flavor ingredients. Citrus is an expert in the design and manufacture of flavoring ingredients.

9.　　At the request of Citrus, Chemtura Canada (a wholly-owned indirect subsidiary of Chemtura) manufactured diacetyl, a butter flavoring ingredient widely used in the food industry between 1982 and 2005.

10.     During this time period, Citrus was the exclusive reseller of diacetyl manufactured by Chemtura Canada for the United States.  Citrus re-sold the diacetyl manufactured by Chemtura Canada to end-users, such as food flavoring manufacturers.  Although Chemtura Canada supplied a small number of other customers with diacetyl, those customers did not resell the diacetyl.

11.     From 1982 to 1998, Chemtura Canada sold diacetyl directly to Citrus.  After 1998, Chemtura, a debtor, acted as a "paper" intermediary.  Chemtura purchased from Chemtura Canada and sold to Citrus, but never took possession or control of the diacetyl. Instead, Chemtura's involvement was primarily for invoicing purposes.

12.     Defendant Ungerer is a Delaware corporation doing business in the State of New Jersey.  Ungerer, upon information and belief, is in the business of manufacturing, supplying and selling food flavoring products that contain chemical compounds, including but not limited to, synthetic diacetyl, used in food flavoring products.

13.     Upon information and belief, Ungerer purchased diacetyl to resell to end-users that was purchased directly from Citrus.  Most, if not all, diacetyl obtained by Ungerer in the relevant actions described below was supplied by Citrus.  Citrus purchased this diacetyl from both Chemtura and Chemtura Canada.

14.     Defendant FONA International, Inc., formally known as Flavors of North America, Inc., ("**FONA**") is an Illinois corporation doing business in Illinois.  FONA, upon information and belief, is a flavoring manufacturer that used chemicals, including diacetyl, to manufacture food and beverage flavorings.  Some diacetyl obtained by FONA in the relevant actions described below was supplied by Citrus.  Citrus purchased this diacetyl from Chemtura and Chemtura Canada.

15.     Defendants Norma Batteese, Lola Couser, Dennis Patton, Debra Robinson, Robert Riley, Bernard Couser, and Dawn Riley are plaintiffs in the action *Batteese et al. v. Flavors of North America, et al.*, No. 06-L-1, currently pending in the Circuit Court of the Second Judicial Circuit, Gallatin County, Illinois.  FONA, a defendant in this action, has brought contribution and indemnification claims against Citrus.  Citrus, in turn, has brought claims for indemnification or contribution against Chemtura and Chemtura Canada.

16.     Defendants Charles Campbell and Natoma Campbell are plaintiffs in the action *Campbell et al.  v. IFF, et al.,* No. 05-L 007720, currently pending in the Circuit Court of Cook County, Illinois.  The plaintiffs have asserted direct claims against Chemtura and Citrus in this action.  Citrus, in turn, has brought claims for indemnification or contribution against Chemtura Canada.

17.     Defendants Emmett D. Cooper, Paul Dunbar, and Josephine Dunbar are plaintiffs in the action *Cooper et al.  v. Givaudan Flavors  Corp., et al.,* No. A 0807326, pending in the Court of Common Pleas, Hamilton County, Ohio.  The plaintiffs have asserted direct claims against Chemtura, Chemtura Canada, and Citrus in this action.

18.     Defendants Elizabeth Fults, Nancy Dudley, and Jill Roth are plaintiffs in the action *Fults et al.  v. IFF, et al.*, No. 06PR-CC00028-01, pending in the Circuit Court for Cape Girardeau County, Thirty-Second Judicial Circuit, Missouri.  FONA, a defendant in this action, has brought contribution and indemnification claims against Citrus.  Citrus, in turn, has brought claims for indemnification or contribution against Chemtura and Chemtura Canada.

19.     Defendants Karen Geile, Georgia Hawthorne, Carolyn Kiefer, Sara Lane, Reschane Thitakom, Marjorie Turnbough, and Mary Whiteside are plaintiffs in the action *Geile v. Berje, Inc.*, *et al.*, No. 07PR-CC00033-01, pending in the Circuit Court for Cape Girardeau

County, Thirty-Second Judicial Circuit, Missouri. The plaintiffs have asserted direct claims against Chemtura and Citrus in this action. Citrus, in turn, has brought claims for indemnification or contribution against Chemtura Canada.

20.	Defendant Francisco Herrera is the plaintiff in an action *Herrera v. Citrus & Allied, et al.*, No. 05 CC 12573, pending in the Superior Court of California, Orange County, California. The plaintiff has asserted direct claims against Chemtura, Chemtura Canada, and Citrus in this action, though the claim against Chemtura Canada has been dismissed.

21.	Defendants Mark L. Millar, Donna F. Millar, Donald Powell, and Kelly Powell are plaintiffs in *Millar, et al . v. Cargill Favor Systems US, LLC, et al.*, No. A 0808143, pending in Court of Common Pleas, Hamilton County, Ohio. The plaintiffs have asserted direct claims against Chemtura Canada and Citrus in this action.

22.	Defendants Irma Rose Ortiz, Victor Mancilla, Oscar Zettina Pech, Maria Zettina, and Ricardo Corona are plaintiffs in the action *Ortiz, et al. v. FEMA, et al.*, No. BC364831, pending in the Superior Court of California, Los Angeles County, California. The plaintiffs have asserted direct claims against Chemtura and Citrus in this action.

23.	Defendants Michael Robinson and Linda Robinson are plaintiffs in the action *Robinson, et al. v. Ungerer & Co., et al.,* No. 05 L 863, pending in the Circuit Court of Cook County, Illinois. Defendant Ungerer brought third-party contribution claims against Chemtura, Chemtura Canada, and Citrus, and indemnification claims against Chemtura Canada. Citrus, in turn, has brought claims for indemnification or contribution against Chemtura Canada.

24.	Defendants Richard Smead and Kathy Smead are plaintiffs in the action *Smead, et al. v. DSM Food Specialties USA, Inc., et al.*, No. 08 CV 6665, pending in the Circuit Court of

Milwaukee County, Milwaukee, Wisconsin. The plaintiffs have asserted direct claims against Chemtura, Chemtura Canada, and Citrus in this action.

25.     Defendants Karen and William Smith are plaintiffs in the action *Smith, et al. v. Berje Inc., et al.*, No. 2:03-cv-00130-DLB, currently pending in the United States District Court in the Eastern District of Kentucky at Covington. The plaintiffs have asserted direct claims against Chemtura, Chemtura Canada, and Citrus in this action.

26.     Defendant Gerardo Solis is plaintiff in the action *Solis v. The Flavor & Extract Manufacturers Association of the United States, et al.*, No. 2006-L-012145, currently pending in the Circuit Court of Cook County, Illinois. The plaintiffs have asserted direct claims against Chemtura and Citrus in this action. Citrus, in turn, has brought claims for indemnification or contribution against Chemtura Canada.

27.     Defendants Pamela Wibbenmeyer and Lauren Elder are plaintiffs in the action *Wibbenmeyer, et al. v. Aldrich Chemical Co., et al.,* No. 07PR-CC00047-01, pending in the Circuit Court for Cape Girardeau County, Thirty-Second Judicial Circuit, Missouri. The plaintiffs have asserted direct claims against Chemtura, Chemtura Canada, and Citrus in this action.

28.     Defendants Phoebe Williams, Louis Watson, Doris Stubbs, Don Stephens, and Doris Pate are plaintiffs in the action *Williams et al. v. BASF Corp., et al.*, No. 2007-L-004922, currently pending in the Circuit Court of Cook County, Illinois. The plaintiffs have asserted direct claims against Chemtura, Citrus, and Ungerer in this action. Citrus, in turn, has brought claims for indemnification or contribution against Chemtura Canada.

29.     Defendants Wayne Watson and Mary Watson are plaintiffs in the action *Watson et al. v. Dillon Companies, Inc., et al.*, No. 08-cv-00091-WDM-CBS, currently pending in the

District of Colorado.  FONA, a defendant in this action, has brought contribution claims against Citrus.  Citrus, in turn, has brought claims for indemnification and contribution against Chemtura Canada.

30.     John Does 1-1000 are named as Defendants as Debtors are unable to predict the identity of plaintiffs that will attempt to pursue Future Diacetyl Actions against the Debtors, Chemtura Canada, Citrus and other Non-Debtor Affiliates.

31.     Defendants identified in paragraphs 12 through 31 will be collectively referred to as the "**Diacetyl Claimants**."

## FACTUAL BACKGROUND

### Nature of Claims

32.     The Diacetyl Claimants have brought product liability actions relating to diacetyl. The Diacetyl Claimants allege personal injury arising from their exposure to diacetyl during the course of their employment at food manufacturing facilities which used diacetyl.

33.     There are now approximately 300 cases pending nationwide related to diacetyl. The first diacetyl-related case was filed against Chemtura on March 29, 2005.  In total, Chemtura and Chemtura Canada have been named in twenty-one diacetyl-related cases, fifteen of which remain pending (of these thirteen are against Chemtura and thirteen are against Chemtura Canada).  Those fifteen actions involve approximately fifty Diacetyl Claimants.

34.     The fifteen pending actions can be divided into two general categories: (i) direct claims against Chemtura or Chemtura Canada, as well as other companies involved in the manufacture, distribution, sale or use of diacetyl, for injury arising from exposure to diacetyl; and (ii) indirect claims against Chemtura or Chemtura Canada brought by Citrus seeking indemnification or contribution.  (A chart summarizing these matters is attached as Exhibit A.)

35.     As to the first category of direct claims, Chemtura has been named a direct defendant in ten of the pending products liability actions and Chemtura Canada has been named a direct defendant in five of the pending products liability actions. Citrus has also been named as direct defendant in all of the actions in which Chemtura or Chemtura Canada is named a direct defendant.

36.     The Diacetyl Claimants' direct claims against Chemtura, Chemtura Canada, and Citrus turn on identical legal theories, factual allegations, and defenses, including:

- ***Causation.*** Whether diacetyl was the proximate cause of the alleged injury to the Diacetyl Claimants;

- ***Design Defect.*** Whether the diacetyl was defective as designed and when manufactured;

- ***Failure to Test.*** Whether Chemtura, Chemtura Canada and Citrus had a duty to test diacetyl before selling it;

- ***Daubert Challenges.*** Whether Diacetyl Claimants' experts on product defect, causation, and damages are qualified and/or basing their opinions on relevant and reliable methods and data; and

- ***Bulk-Supplier/Sophisticated User Defense.*** Whether the Diacetyl Claimants were sophisticated buyers and/or users of diacetyl thus relieving Citrus, Chemtura, and Chemtura Canada of any liability.

37.     As to the second category of indirect claims, Citrus has brought indemnification or contribution claims as a third- or fourth-party plaintiff against Chemtura in three actions and against Chemtura Canada in eight actions. In these actions, where Chemtura and Chemtura Canada are alleged to share Citrus's liability for plaintiffs' alleged harm caused by exposure to diacetyl, Citrus's potential liability turns on the same factors identified in paragraph 36 above.

38.     Ungerer has also brought contribution claims as a third-party plaintiff against Chemtura, Chemtura Canada, and Citrus in the *Robinson* litigation. In this action, Citrus has further brought contribution claims against Chemtura Canada as a fourth-party plaintiff. In this

action, where Chemtura and Citrus are alleged to share Ungerer's liability for plaintiffs' alleged harm caused by exposure to diacetyl, Ungerer's potential liability turns on the same factors identified in paragraph 36 above.

39.     The claims of the Diacetyl Claimants, Citrus, and Ungerer could be among the largest unsecured claims asserted against Chemtura's estate and thus may substantially impede Chemtura's estate and reorganization.

40.     To date, no actions against Chemtura, Chemtura Canada, Citrus, or Ungerer have proceeded to verdict.  However, recoveries on actions against other diacetyl manufacturers have been substantial, ranging from $2.7 to $20 million for a single claimant.

41.     Settlements have also had a high dollar value.  Upon information and belief, defendants of direct diacetyl-related claims have paid on average $2 million per claimant.

**Current Status of Diacetyl Litigation**

42.     Of the fifteen suits pending against Chemtura and Chemtura Canada, only three have trial dates.  *Campbell* is set for trial on August 31, 2009; *Solis* is set for trial on November 16, 2009; and *Millar* is set for trial on September 20, 2010.  (Exhibit A.)

43.     The majority of the fifteen suits are in the early stages of discovery.  To date, Chemtura has only produced documents in five of the thirteen cases pending against it and its witnesses have not yet been deposed.

44.     Nonetheless, the impending trials in the small minority of diacetyl-actions— *Campbell, Solis* and *Millar*—threaten Chemtura with imminent, irreparable harm.  Both Citrus and the plaintiffs in these actions are seeking third-party discovery from Chemtura in order to prepare for trial. For example, on May 27, 2009, Citrus served a series of insurance

interrogatories on Chemtura and requested that a number of deposition so Chemtura employees proceed despite the stay.

45.     The Diacetyl Claimants have also pursued discovery from Chemtura Canada, which has responded so far to three sets of requests for production of documents.  Thus far, this document discovery of Chemtura Canada has been limited to resolving whether the courts in which the Diacetyl Litigation is pending have personal jurisdiction over Chemtura Canada.  Chemtura Canada has filed motions to dismiss for lack of personal jurisdiction in seven actions.

46.     Chemtura anticipates that full merits discovery of Chemtura Canada in some suits remains likely, if not imminent, because several of Chemtura Canada's motions addressing these jurisdictional questions are close to resolution.  For example, Chemtura Canada's motion in the *Campbell* case is fully-briefed and currently was set to be heard on June 23, 2009, prior to the entry of the temporary restraining order.  The parties intend to seek postponement of the hearing (and corresponding deposition discovery) until after the resolution of this motion.  If this motion is denied, the hearing will be rescheduled as quickly as possible, and merits discovery could commence shortly thereafter.  Indeed, given the August 31, 2009 trial date in the *Campbell* action, Citrus is likely to seek a fast-track discovery schedule.

47.     Counsel for Chemtura anticipates that such discovery could be extensive and would necessarily implicate the time and resources of Chemtura because, as explained below, Chemtura's legal department has responsibility for overseeing and coordinating Chemtura Canada's responses to discovery but is currently focused on Chemtura's reorganization efforts.  *See infra* ¶¶ 46 to 64.

48.     Additionally, at this time Citrus, as well as plaintiffs in the action *Ortiz et al. v. FEMA, et al.*, No. BC364831 (Superior Court of California, Los Angeles County), have filed

motions before the Court seeking relief from the automatic stay. (Docket Nos. 424 & 456.) These motions expressly seek to require Chemtura to provide substantial additional discovery. Other Diacetyl Claimants have indicated that they also intend to file lift-stay motions.

**Future Suits**

49.     Although Chemtura Canada stopped manufacturing diacetyl in 2005, there is a strong likelihood of future suits. Future litigants may argue that although they were exposed to diacetyl prior to 2005, they did not learn of their injuries until later. The number of such claims is likely to increase as soon as notice of bar date issues.

**Shared Insurance**

50.     Prior to the Petition Date, Chemtura secured general liability insurance that provides both Chemtura and Chemtura Canada coverage for diacetyl-related claims (the "**Insurance Policies**"). These policies are underwritten by several different carriers, have varying limits and deductibles (or self insurance retentions) and have distinct terms of coverage. Additionally, some policies are occurrence-based while others are claims-based.

51.     Claims by Chemtura and Chemtura Canada are subject to a single set of limits. Consequently, judgments against Chemtura Canada will deplete the coverage available to Chemtura, thus depleting property of Chemtura's estate and impairing Chemtura's efforts to reorganize.

**Potential Impact of Litigation On Estate**

52.     The continued pursuit of the actions brought by the Diacetyl Claimants will irreparably harm Chemtura and its bankruptcy estate.

53.     *First*, the defense of the Diacetyl Litigation will divert employees who are key to Chemtura's reorganization efforts. The same managers who are overseeing the bankruptcy

proceedings and Chemtura's reorganization have responsibility for the Diacetyl Litigation and will likely testify in support of Chemtura Canada's defense.

54. For example, Chemtura's General Counsel, Billie Flaherty, has been overseeing the Diacetyl Litigation for both Chemtura and Chemtura Canada since its inception and has remained responsible for the Diacetyl Litigation since her promotion to General Counsel. Ms. Flaherty is integral to developing the factual and legal defenses to the Diacetyl litigation; the preparation of Chemtura and Chemtura Canada's responses to interrogatories relating to the Diacetyl Litigation; the coordination of document collections from archives and numerous sites; and the identification and preparation of fact witnesses and designees to testify as witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6) or state equivalents. It is likely that Diacetyl Claimants will seek to depose Ms. Flaherty.

55. Ms. Flaherty's time and attention are essential to Chemtura's reorganization efforts. As General Counsel, Ms. Flaherty is overseeing the reorganization for Chemtura and the other Debtors. Among other things, Ms. Flaherty is responsible for directing the resolution of Chemtura's liabilities through the reorganization process. These liabilities may be divided into six general categories:

- **_Real Property_**. Ms. Flaherty runs a team of Chemtura personnel who are reviewing over 350 of the Debtors' current leases for real property and determining whether to assume or reject those leases.

- **_Environmental Litigation_**. Approximately 73 properties that are currently, or were formerly, owned by various Debtors are subject to environmental remediation. Ms Flaherty has been coordinating these remediation efforts, including negotiations with numerous state governments and enforcement agencies.

- **_Pensions and Employee Benefits._** Ms. Flaherty manages a team of Chemtura personnel who are reviewing the Debtors' pension and employee benefits programs.

- *Utilities*.  Ms. Flaherty oversees a team that is reviewing Debtors' utility contracts for purposes of determining whether to assume or reject those contracts.  Ms. Flaherty has also been involved in negotiations of adequate assurance payments to Debtors' utility providers.

- *Executory Contracts*.  Ms. Flaherty runs a team of Chemtura in-house counsel and business persons who are resolving the status of over 12,000 executory contracts.

- *General Litigation*.  In addition to the Diacetyl Litigation, over 11,000 individual litigants have claims against various Debtors.

56.     Ms. Flaherty has direct responsibility for each of these six areas of Chemtura's reorganization efforts.  For the Debtors to have their best chances at a successful reorganization, Ms. Flaherty, the other attorneys in Chemtura's legal department, and its support personnel must remain focused on the reorganization.

57.     If the litigation against Chemtura Canada, Citrus, and/or Ungerer were to proceed, other employees of Chemtura would also be diverted from critical reorganization efforts.  For example, the Diacetyl Claimants and Citrus have noticed the depositions of Mr. Sean O'Connor and Dr. Mark Thomson, two employees of Chemtura.  Additionally, Mr. O'Connor and Dr. Thomson have been identified by Chemtura as potential Rule 30(b)(6) witnesses on particular issues.  In order to prepare, they will be required to read numerous documents and interview a variety of people (including both counsel and other Chemtura employees).

58.     The task of preparing Mr. O'Connor and Dr. Thomson to testify as 30(b)(6) witnesses is complicated by the fact that Chemtura Canada ceased manufacturing diacetyl in 2005.  Since then, several personnel with firsthand knowledge of these claims have left the company.  Thus, Dr. Thomson and Mr. O'Connor's preparation to testify as 30(b)(6) witnesses will require significant time and attention.

59.     Both Mr. O'Connor and Dr. Thomson, however, are currently focused on Chemtura's reorganization efforts.  Mr. O'Connor is one of Chemtura's most senior business

leaders. He oversees the Petroleum Additives business segment of the Performance Products Group, an important and profitable business segment. Maintaining the profitability of this business segment is essential to Chemtura's emergence from bankruptcy. Mr. O'Connor is also integral to the development and implementation of a five-year post-emergence business plan for the Petroleum Additives segment.

60. Dr. Thomson is the senior toxicologist in Chemtura's Environmental Health, Safety and Regulatory Affairs department. He will likely be the 30(b)(6) deponent regarding regulatory issues, such as Chemtura's evaluation of the risks posed by diacetyl.

61. Dr. Thomson is essential to a successful reorganization. He is currently overseeing Chemtura's efforts to comply with the European Union's directive on the Registration, Evaluation, Authorization and Restriction of Chemical substances ("REACH"). Chemtura must comply with REACH in order to sell its product in the EU. Without the ability to sell product in the EU, Chemtura's reorganization will not be successful.

62. Overseeing the REACH efforts is time-consuming, and Dr. Thomson's attention should not be diverted. REACH requires chemical manufacturers, like Chemtura, to pre-register their products for sale in the European Union before the end of 2010. This pre-registration process requires extensive data compilation and testing. Dr. Thomson is coordinating dossier development and toxicological review of nearly 200 different chemical substances He is also participates on a regular basis in a number of EU-based industry consortia and REACH-required "Substance Information and Exchange Fora," which are important activities in Chemtura's REACH compliance program. Finally, Dr. Thomson is involved in performing the cost-benefit analysis as to which substances to Register under REACH, a key factor in Chemtura's business strategy for Europe.

63.     Finally, the Diacetyl Litigation raises issues that can only be addressed by Chemtura's finance department, such as historical financial information on sales and production. Chemtura's finance department, however, is directly engaged in reorganization efforts, such as preparing financial projections, financial analysis, and supporting efforts to develop business plans for Debtors' product segments.

64.     In sum, the prosecution of the Diacetyl Litigation will divide the attention of these and other witnesses and Chemtura's managers with responsibility for litigation, thus compromising their availability to the Debtors and impeding the Debtors' reorganization efforts.

65.     *Second*, as explained above, the continued prosecution of the Diacetyl Litigation against Chemtura Canada threatens to deplete assets of the estate—the insurance coverage—that would otherwise be available to Chemtura. *See supra* ¶¶ 50-51.

66.     *Third*, all of the actions comprising the Diacetyl Litigation are in the midst of discovery. While the litigation against Chemtura is currently stayed, the Diacetyl Claimants have asserted a right to discovery of Chemtura's documents and information. Responding to this discovery will require significant time and resources, as well as the attention of Chemtura personnel currently involved in its restructuring efforts.

67.     *Fourth,* the Diacetyl Claimants allege identical claims against Chemtura, Chemtura Canada, Citrus, and Ungerer and intend to use the same expert witnesses against each entity. (*Id.* ¶ 36.) Rulings with respect to key issues in one jurisdiction therefore may be shopped to other jurisdictions. Resolution of these claims against Chemtura Canada, Citrus, and

Ungerer poses the threat of collateral estoppel, stare decisis, and/or evidentiary prejudice against Chemtura. [3]

68. Even if Chemtura was not collaterally estopped, a finding that other defendants were liable on identical claims and facts could severely prejudice the (currently stayed) litigation against Chemtura on those identical claims based on identical evidence.

69. *Finally*, in later litigation, Chemtura may be estopped from denying any liability finding against Citrus, Chemtura Canada, or Ungerer.

### COUNT ONE
### (Automatic Stay Declaratory Judgment)

70. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

71. Chemtura seeks an order under section 362(a)(1) and (a)(3) of the Bankruptcy Code extending the automatic stay to Chemtura Canada, Citrus, and Ungerer until the effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court.

72. Section 362(a)(1) of the Bankruptcy Code operates as a stay, "applicable to all entities," of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

---

[3] While Chemtura Corporation and Chemtura Canada intend to vigorously contest such claims, plaintiffs and other parties are likely to raise them.

73.     Section 362(a)(3) of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a).

74.     Under section 362 of the Bankruptcy Code and by virtue of the Debtors filing for reorganization, this Court has automatically stayed any act to collect, assess, or recover a claim against Chemtura that arose before the commencement of the case under chapter 11.

75.     As explained above, continued prosecution of the Diacetyl Litigation against Chemtura Canada, Citrus, and Ungerer will have an immediate, adverse impact on the Debtors' estates, and the Debtors have an identity of interest with Chemtura Canada, Citrus, and Ungerer. Accordingly, the automatic stay should be extended to Chemtura Canada, Citrus, and Ungerer.

## COUNT TWO
### (Injunction Under Section 105)

76.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

77.     Chemtura seeks an injunction staying the continued prosecution of the Diacetyl Litigation under section 105(a) of the Bankruptcy Code until the effective date of a plan of reorganization in Chemtura's chapter 11 case or further order of this Court.

78.     Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Relief under section 105 of the Bankruptcy Code is particularly appropriate in a chapter 11 case when necessary to protect a debtor's ability to effectively confirm a plan of reorganization and to preserve the property of the debtor's estate. A bankruptcy court may, therefore, in its discretion stay actions under section 105.

79.     There is a substantial likelihood that Chemtura will be able to confirm a plan of reorganization if its key officers, directors, and employees are permitted to focus on restructuring, unimpeded by the diversion and drain on their time and resources occasioned by the defense of the Diacetyl Litigation.

80.     If the Diacetyl Litigation is allowed to proceed, Chemtura will experience irreparable harm, as any continued litigation will expose Chemtura to risk of collateral estoppel, vicarious liability, and/or evidentiary prejudice.  Chemtura will also suffer irreparable harm by being forced to develop the factual and legal defenses to the litigation, participate in discovery and expend resources and management time on discovery in lieu of reorganization.

81.     The continued litigation will also diminish Chemtura's prospects for successfully confirming a plan and will deplete property of the Chemtura's chapter 11 estate, including its Insurance Policies.

82.     Further, continued litigation may result in an adverse judgment against Chemtura Canada, thereby depleting Chemtura's insurance coverage, an asset of the estate.

83.     Defendants will not be harmed because this order would simply stay the litigation until the Debtors emerge from bankruptcy.  In addition, the Debtors intend to use the stay to pursue a consolidation strategy of resolving all Diacetyl Litigation against Chemtura related entities in the Southern District of New York. This may well advance, rather than delay, the ultimate resolution of the Diacetyl Litigation against the Chemtura related entities.

84.     The injunctive relief requested herein will serve the public interest by promoting compliance with the Congressional purpose of the automatic stay and furthering Chemtura's reorganization efforts.

85. Based on the foregoing, Chemtura seeks an injunction under section 105(a) of the Bankruptcy Code enjoining and prohibiting the continued prosecution of the Diacetyl Litigation and Future Diacetyl Actions.

86. No prior application for the relief requested herein has been made to this or any other court.

## PRAYER FOR RELIEF

**WHEREFORE**, the Chemtura prays the Court to enter an order:

(1) declaring that section 362(a)'s automatic stay extends to the commencement or continuation of Diacetyl Litigation against Chemtura Canada, Citrus, and Ungerer until the effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court;

(2) enjoining the commencement or continuation of Diacetyl Litigation against Chemtura Canada, Citrus, and Ungerer pursuant to section 105(a) until the effective date of a plan of reorganization in the underlying chapter 11 case or final order of this Court;

(3) declaring that Chemtura's efforts to remove and transfer the Diacetyl Litigation to the Southern District of New York are not subject to the stay, including removal and transfer of claims against Chemtura Canada, Citrus, and Ungerer;[4]

(4) enjoining Diacetyl Claimants from seeking discovery from the Debtors, or its affiliate Chemtura Canada, in the Diacetyl Litigation or Future Diacetyl Actions until the

---

[4] Chemtura believes that removal and transfer under 28 U.S.C. § 157(b)(2)(5) is a ministerial act not subject to the stay. Chemtura requests this declaration only out of an abundance of caution, and not because such a declaration is required prior to removal and transfer.

effective date of a plan of reorganization in the underlying chapter 11 case or final order of this

Court; and

(5)     authorizing such further relief as deemed necessary by the Court.

Dated: July  17, 2009

_/s/ David J. Zott, P.C._____
Richard M. Cieri
M. Natasha Labovitz
Craig Bruens
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

David J. Zott, P.C.
Alyssa A. Qualls
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Counsel to the Debtors and Debtors in Possession

## **VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 17, 2009:             /s/ *Billie Flaherty*[5]

                                      Billie Flaherty, Senior Vice President and General Counsel

---

[5]   Ms. Flaherty's original signature is available upon request.

**EXHIBIT A**

Pending Complaints Against Chemtura, Chemtura Canada, and Citrus

| Case Caption | Plaintiffs | Defendants | Court | Civil Action No. | Discovery Status | Trial Date |
|---|---|---|---|---|---|---|
| *Batteese, et al. v. Flavors of North America, Inc., et al.* | Norma L. Batteese<br>Lola Couser<br>Bernard Ray Couser<br>Dennis E. Patton<br>Debra Robinson<br>Robert L. Riley<br>Dawn M. Riley | Chemtura (indirect)<br><br>Chemtura Canada (indirect)<br><br>Citrus (indirect)<br><br>12 other current defendants | Circuit Court of the Second Judicial Circuit, Gallatin County, Illinois | No. 06-L-1 | Chemtura has produced documents in response to four requests and has responded to one set of interrogatories pre-petition. Chemtura Canada has produced documents in response to one set of requests and responded to two sets of interrogatories (all jurisdiction-related). Oral and written fact discovery deadline of June 30, 2009. Chemtura Canada's jurisdictional motion to dismiss is pending. | None |
| *Campbell, et al. v. IFF, et al.* | Charles Campbell<br>Natoma Campbell | Chemtura (direct)<br><br>Chemtura Canada (indirect)<br><br>Citrus (direct)<br><br>2 other current defendants | Circuit Court of Cook County, Illinois, Locallo, J. | No. 05 L 07720 | Chemtura has produced documents in response to four requests and has responded to five sets of interrogatories pre-petition. Chemtura Canada has responded to four sets of interrogatories (all jurisdiction-related). Experts will be deposed in June and July 2009. The hearing on the motion for summary judgment and Chemtura Canada's jurisdictional motion to dismiss is currently scheduled for June 23, 2009. Citrus has sought responses to interrogatories on insurance coverage from Chemtura and has indicated that it would like to depose approximately 21 current and former Chemtura and Chemtura Canada employees. Citrus's motion for relief from the automatic stay is scheduled for a hearing in this Court on June 23, 2009. | August 31, 2009 |

| Case Caption | Plaintiffs | Defendants | Court | Civil Action No. | Discovery Status | Trial Date |
|---|---|---|---|---|---|---|
| *Cooper, et al. v. Givaudan Flavors Corp., et al.* | Emmett Cooper<br>Paul Dunbar<br>Josephine Dunbar | Chemtura (direct)<br><br>Chemtura Canada (direct)<br><br>Citrus (direct)<br><br>5 other current defendants | Court of Common Pleas, Hamilton County, Ohio | No. A0807326 | No discovery has been served on Chemtura to date. Citrus requested jurisdictional discovery or an evidentiary hearing in opposition to Chemtura Canada's motion to dismiss. There are no document requests outstanding against Chemtura Canada. Chemtura Canada's jurisdictional motion to dismiss is pending. | None |
| *Fults, et al. v. International Flavors & Fragrances, Inc., et al.* | Elizabeth Fults[1]<br>Nancy Dudley<br>Jill Roth | Chemtura (indirect)<br><br>Chemtura Canada (indirect)<br><br>Citrus (indirect)<br><br>17 other current defendants | Circuit Court for Cape Girardeau County, Thirty-Second Judicial Circuit, Missouri | No. 06PR-CC00028-01 | There is no pending discovery against Chemtura. Chemtura Canada produced documents and responded interrogatories (both jurisdiction-related). Chemtura Canada's jurisdictional motion to dismiss is pending. | None |
| *Geile, et al. v. Berje, Inc., et al.* | Karen Geile<br>Georgia Hawthorne<br>Carolyn Kiefer<br>Sara Lane<br>Marjorie Turnbough<br>Reschane Thitakom<br>Mary Whiteside | Chemtura (direct)<br><br>Chemtura Canada (indirect)<br><br>Citrus (direct)<br><br>21 other current defendants | Circuit Court of Cape Girardeau County, Thirty-Second Judicial Circuit, Missouri | No. 07PR-CC00033-01 | There is one set of document requests pending against Chemtura pre-petition. Chemtura Canada produced documents in response to one request and responded to one set of interrogatories (both jurisdiction-related). No response has been filed to Chemtura Canada's pending jurisdictional motion to dismiss. | None |
| *Herrera v. Citrus & Allied Essences, Ltd., et al.* | Francisco Herrera | Chemtura (direct)<br><br>Chemtura Canada (dismissed)<br><br>Citrus (direct)<br><br>4 other current defendants | Superior Court of California, Orange County, California | No. 05 CC 12573 | Chemtura has produced documents in response to one request and has responded to two sets of interrogatories pre-petition. Chemtura's corporate designee was noticed for deposition which was being scheduled at the time of the bankruptcy filing. There are no discovery outstanding. | None |

---

[1] Brought on behalf of decedent, Dixie Asbury.

3

| Case Caption | Plaintiffs | Defendants | Court | Civil Action No. | Discovery Status | Trial Date |
|---|---|---|---|---|---|---|
| *Millar, et al. v. Cargill Favor Systems US, LLC, et al.* | Mark L. Millar<br>Donna F. Millar<br>Donald Powell<br>Kelly Powell | Chemtura (direct)<br><br>Chemtura Canada (direct)<br><br>Citrus (direct)<br><br>5 other current defendants | Court of Common Pleas, Hamilton County, Ohio | No. A 0808143 | No document requests have been served on Chemtura or Chemtura Canada. | September 20, 2010 |
| *Ortiz, et al. v. Flavor and Extract Manufacturers Association of the United States, et al.* | Irma Rose Ortiz<br>Victor Mancia<br>Oscar Zettina Pech<br>Maria Zettina<br>Ricardo Corona | Chemtura (direct)<br><br>Citrus (direct)<br><br>14 other defendants | Superior Court of California, Los Angeles County, California | No. BC364831 | Chemtura has responded to one set of document requests and one set of interrogatories pre-petition. Plaintiffs are seeking supplemental responses. Plaintiffs' motion for relief from the automatic stay is scheduled for a hearing in this Court on June 23, 2009. | None |
| *Robinson, et al. v. Ungerer & Co., et al* | Michael Robinson<br>Linda Robinson | Ungerer (direct)<br><br>Chemtura (indirect)<br><br>Chemtura Canada (indirect)<br><br>Citrus (indirect)<br><br>3 other current defendants | Circuit Court of Cook County, Illinois, Locallo, J. | No. 05 L 863 | There are no document requests outstanding against Chemtura or Chemtura Canada. Plaintiffs were recently deposed. | None |
| *Smead, et al. v. DSM Food Specialties USA, Inc. et al.* | Richard Smead<br>Kathy Smead | Chemtura (direct)<br><br>Chemtura Canada (direct)<br><br>Citrus (direct)<br><br>7 other current defendants | Circuit Court of Milwaukee County, Milwaukee, Wisconsin | No. 08 CV 6665 | There are no document requests pending against Chemtura or Chemtura Canada. A scheduling conference is set for July 30, 2009. | None |

| Case Caption | Plaintiffs | Defendants | Court | Civil Action No. | Discovery Status | Trial Date |
|---|---|---|---|---|---|---|
| *Smith, et al. v. Berje Inc., et al.* | Karen Smith<br>William Smith | Chemtura (direct)<br><br>Chemtura Canada (direct)<br><br>Citrus (direct)<br><br>3 other current defendants | E.D. Ky. | No. 2:08-CV-00130-DLB | Chemtura has responded to one set of interrogatories pre-petition. The fact discovery deadline is December 15, 2009. Plaintiffs have sent a deposition notice to Chemtura Canada seeking jurisdictional discovery, which has yet to be scheduled. Chemtura Canada's motion to dismiss was denied with leave to re-filed following close of jurisdictional discovery. | None |
| *Solis v. Centrome, Inc. et al.* | Gerardo Solis | Chemtura (direct)<br><br>Chemtura Canada (indirect)<br><br>Citrus (direct)<br><br>7 other current defendants | Circuit Court of Cook County, Illinois, Locallo, J. | No. 2006 L 012105 | Chemtura has produced documents in response to one request and has responded to two sets of interrogatories pre-petition. Chemtura's corporate designee was noticed for deposition which was being scheduled at the time of the bankruptcy filing. Depositions of fact witnesses must be completed by July 31, 2009. Expert discovery must be completed by August 31, 2009. | November 16, 2009 |
| *Watson v. Dillon Companies, Inc., et al.* | Wayne Watson<br>Mary Watson | Citrus (indirect)<br><br>Chemtura Canada (indirect)<br><br>11 other current defendants | United States District Court for the District of Colorado | No. 08-cv-00091-WDM-CBS | There are no pending discovery requests. | None |
| *Wibbenmeyer, et al. v. Aldrich Chemical Co., et al.* | Pamela Wibbenmeyer<br>Lauren Elder[2] | Chemtura (direct)<br><br>Chemtura Canada (direct)<br><br>Citrus (direct)<br><br>18 other current defendants | Circuit Court of Cape Girardeau County, Thirty-Second Judicial Circuit, Missouri | No. 07PR-CC00047-01 | There are no pending discovery requests. | None |

---

[2]    Brought on behalf of decedent, Wayne Wibbenmeyer.

| Case Caption | Plaintiffs | Defendants | Court | Civil Action No. | Discovery Status | Trial Date |
|---|---|---|---|---|---|---|
| *Williams, et al. v. BASF Corp., et al.* | Phoebe Williams<br>Louis Watson<br>Doris Stubbs<br>Don Stephens<br>Doris Pate | Chemtura (direct)<br><br>Citrus (direct)<br><br>Ungerer (direct)<br><br>Chemtura Canada (indirect)<br><br>8 other current defendants | Circuit Court of Cook County, Illinois, Locallo, J. | No. 2007 L 004922 | Chemtura produced documents in response to one set of requests and responded to two sets of interrogatories pre-petition. | None |